**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES H. FRAZIER,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT,<br><br>    Defendant. | Civil Action No.: 15-7036 (JLL) (JAD)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Home Depot U.S.A., Inc.[1] ("Defendant" or "Home Depot")'s Motion to Dismiss Pro-Se Plaintiff James H. Frazier ("Plaintiff" or "Mr. Frazier")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Motion to Dismiss and dismisses Plaintiff's Complaint without prejudice.

**BACKGROUND**[2]

Mr. Frazier commenced this action on September, 23 2015, by filing a Complaint against Home Depot, alleging violation of Title VII of the Civil Rights Act of 1964 for employment discrimination. (*See* ECF No. 1 ("Compl.").) The Court granted Mr. Frazier's application to

---

[1] Identified in the Complaint as "Home Depot."
[2] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

proceed *in forma pauperis* on September 24, 2015. (ECF No. 2.)

Mr. Frazier states that he was terminated from his position at a Home Depot in Wilmington, Delaware in retaliation for filing a "discrimination report" and that he "was not allowed the same rights as a female worker equal in title." (Compl. ¶¶ 5, 9, 10.) Mr. Frazier identifies his race as "African American," his color as "Black," his sex as "male," his religion as "Christian," and his national origin as "U.S." (*Id.* ¶ 10.) The Complaint alleges that the discriminatory acts occurred on April 1, 2014. (*Id.* ¶ 5.) Mr. Frazier also attached a "right to sue" letter from the EEOC, which states that he was terminated on August 9, 2014. (ECF No. 1-1 ("EEOC Letter").) In the prayer for relief, the Complaint fails to seek injunctive relief, damages, or costs; Mr. Frazier requests only that all fees and costs be waived. (Compl. ¶ 13.)

On October 23, 2015, Mr. Frazier filed a motion for pro bono counsel. (ECF No. 5.) On November 24, 2015, Home Depot filed a motion to dismiss, which was dismissed without prejudice pending resolution of Mr. Frazier's application for pro bono counsel. (ECF No. 9; *see also* ECF No. 11, Order.) On December 15, 2015, the Honorable Joseph A. Dickson, U.S.M.J. denied without prejudice Mr. Frazier's motion for pro bono counsel. (ECF No. 13.) On December 22, 2015, Home Depot filed the instant Motion to Dismiss the Complaint. (*See* ECF No. 14-1 ("Mov. Br.").) On January 11, 2016, Mr. Frazier requested an extension of time to respond to the Motion to Dismiss. (ECF No. 16.) The Court granted the request and Ordered opposition due by February 2, 2016. (ECF No. 17.) A review of the docket shows that opposition was not filed and that the Motion to Dismiss is unopposed. The motion is now ripe for resolution.

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable

inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Franklin v. GMAC Mortgage*, 523 F. App'x 172, 173 (3d Cir. 2013).

## ANALYSIS

Home Depot argues that Mr. Frazier's claim fails to pass muster under Rule 8 of the Federal Rules of Civil Procedure. (*See* Mov. Br.) The Court agrees.

When viewing the Complaint in a light most favorable to Plaintiff, the Court liberally construes the Complaint as alleging a claim for discrimination and a claim for retaliation in violation of Title VII. The Court addresses mootness before turning to the Title VII claims.

### A. Mootness

Article III of the Constitution limits the federal courts to adjudication of actual, ongoing "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2, cl. 1. "Courts enforce the case-or-controversy requirement through several justiciability doctrines," which "include standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions." *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir.2009). As the Third Circuit has observed, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, in the prayer for relief, the Complaint fails to seek injunctive relief, damages, or

4

costs; Mr. Frazier requests only that all fees and costs be waived. (Compl. ¶ 13.) The Court already granted the requested relief on September 24, 2015, when it granted Mr. Frazier's application to proceed *in forma pauperis*. (ECF No. 2.) In other words, because Mr. Frazier does not specifically request injunctive relief, damages, costs, or any other relief beyond the relief that the Court is already granted, a literal application of the law directs the Court to dismiss Mr. Frazier's Complaint as moot. In the interests of justice, dismissal shall be without prejudice, so that Mr. Frazier may specifically request prospective relief.

### B. Title VII Discrimination and Retaliation

The prima facie elements of a Title VII discrimination claim are: (1) the plaintiff is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

Here, the Complaint is extremely limited in facts and is entirely conclusory. All that Mr. Frazer alleges is that he "was not allowed the same rights as a female worker equal in title." (Compl. ¶ 10.) No further detail is provided. This is insufficient to state a claim because this sole conclusory statement does not permit the Court cannot determine if Mr. Frazier is plausibly entitled to relief. *See Liggon-Redding v. Voorhees*, No. 14-3139, 2014 U.S. Dist. LEXIS 108601, at *8 (D.N.J. Aug. 7, 2014) ("'Simply stating that one endured race discrimination without presenting allegations suggestive of such conduct does not meet our pleading standards.'") (quotation omitted).

For the same reasons, the Court finds that Plaintiff has failed to state a claim for retaliation

5

under Title VII. To establish a prima facie case of retaliation under Title VII, a plaintiff must tender evidence that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006), as amended (Sept. 13, 2006).

Again, Mr. Frazier's Complaint is lacking in factual detail and is entirely conclusory. Mr. Frazier states only that he was terminated from his position at a Home Depot in retaliation for filing a "discrimination report." (Compl. ¶ 9.) No further detail is provided. Given this sole, conclusory allegation, the Court is unable to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Liggon-Redding*, 2014 U.S. Dist. LEXIS 108601, at *8.

However, the shortcomings of the Complaint do not foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an Amended Complaint. Therefore, considering Plaintiff's *pro se* status, the dismissal of the Complaint will be without prejudice, to give Plaintiff an opportunity to file an Amended Complaint that satisfies Rule 8 and addresses the deficiencies identified herein. To the extent Plaintiff intends to re-plead his claims, he is hereby advised that each count of a properly pled complaint must contain *particular factual allegations* that would allow the Court to draw the reasonable inference that the defendant is liable for that particular cause of action. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## CONCLUSION

For the reasons above, the Court grants the Motion to Dismiss. (ECF No. 14.) Plaintiff's Complaint is dismissed without prejudice. Plaintiff shall have until Monday, March 21, 2016 to

file an Amended Complaint. Failure to file an Amended Complaint by March 21, 2016 shall result in a dismissal *with* prejudice. An appropriate Order accompanies this Opinion.

DATED: February 8, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

7